IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHARON J. HOPKINS and
MARK HOPKINS,

            Plaintiffs,

vs.                                                                    Civ. No. 07-262 JH

INTERNAL REVENUE SERVICE, ACCU-RITE
TAX SERVICE, INC., and JENNIFER HAND, in her
official capacity, CAPITAL ONE BANK a.k.a. CAPITAL
ONE SERVICES, INC., J.P. MORGAN BANK N.A. a.k.a.
J.P. MORGAN CHASE & CO. and INTEGRATED TAX
SOLUTIONS,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter came before the Court on the *pro se* petition of Sharon J. Hopkins and Mark Hopkins to quash summonses issued by the Defendant Internal Revenue Service ("IRS") to third-party record keepers (Doc. no. 26), on the motion of the IRS to dismiss the petition to quash and to enforce the summonses (Doc. no. 29), and on the motions to dismiss by the third-party record keepers (Doc. nos. 7, 36, and 39). For the reasons that follow, the Court finds that it lacks subject matter jurisdiction over the Plaintiffs' claims with respect to the summonses issued to third-party record keepers outside of the District of New Mexico. After carefully reviewing the Plaintiffs' arguments and the Defendants' responses, the Court further finds that the remaining summons should be enforced because the IRS has met its *prima facie* burden of demonstrating that the summons is proper and the petitioners have failed to provide any argument or evidence showing that the remaining summons is invalid or that enforcement of the summons would be improper. Therefore, the Court

will dismiss the Plaintiffs' petition in its entirety and enforce the summons issued to Defendant Accu-Rite Tax Services, Inc.

## **BACKGROUND AND PROCEDURAL POSTURE**

The IRS is conducting a criminal investigation into the federal income tax liabilities of Plaintiffs Mark Hopkins and Sharon J. Hopkins. Special Agent Jennifer Hand is the IRS Special Agent assigned to this investigation. Special Agent Hand attested that the Plaintiffs have not filed personal income tax returns since 1995 and that they conduct their financial affairs so as to conceal deliberately their income and assets from the IRS, including through the use of nominee trusts and entities, and the use of false employer identification numbers to establish bank accounts and trust accounts. (Hand affidavit ¶3, (Doc. no. 29, att. 1)).

During her investigation, Special Agent Hand learned that several banks and tax services may possess records or information relevant to the IRS investigation of Mr. and Ms. Hopkins. As a result, Special Agent Hand hand-delivered a third-party summons to Defendant Accu-Rite Tax Service, Inc. ("Accu-Rite") on February 26, 2007. Special Agent Hand provided notice of the summons via certified mail to Plaintiff Sharon Hopkins on February 27, 2007. The summons directed a representative of Accu-Rite to appear at a specified address on March 26, 2007 to produce certain records relating to Plaintiff Sharon Hopkins's accounts.[1]

---

[1] The parties dispute how quickly Accu-Rite turned over the summonsed documents to Special Agent Hand. Plaintiffs contend that Accu-Rite immediately turned over the documents when personally served by Special Agent Hand on February 26, 2007. Special Agent Hand states in ¶ 8 of her affidavit that she received the documents from Accu-Rite by mail on March 2, 2007. This factual dispute is not material to the outcome of this case. For purposes of deciding these motions only, the Court will assume the Plaintiffs' contention to be correct. Additionally, Plaintiffs contend without any proof that Special Agent Hand *may have* examined the summonsed material prior to the date she was legally qualified to do so. Special Agent Hand's affidavit declares that she never examined the documentation provided by Accu-Rite. Faced

On April 27, 2007, Special Agent Hand issued, by certified mail, a third-party record keeper summons to Defendant Capital One Bank ("Capital One"), and on the same day issued notice of the summons to Plaintiff Sharon Hopkins by certified mail.  On June 28, 2007, Special Agent Hand received the summonsed material from Capital One.

On April 30, 2007, Special Agent Hand issued, by certified mail, a third-party record keeper summons to Defendant Integrated Tax Solutions, and on the same day issued notice of the summons to Plaintiff Sharon Hopkins by certified mail.  As of July 26, 2007, Special Agent Hand had yet to receive the summonsed material from Integrated Tax Solutions.

On May 1, 2007, Special Agent Hand issued, by certified mail, a third-party record keeper summons to Defendant J.P. Morgan Chase Bank, N.A. ("Chase"), and on the same day issued notice of the summons to Plaintiff Sharon Hopkins by certified mail.  On June 1, Special Agent Hand learned that she would need to re-issue the summons to a different division of Chase, but had yet to do so as of July 26, 2007.

On May 18, 2007, Plaintiffs filed a Motion to Amend Verified Complaint to quash the three additional summonses issued after the summons to Accu-Rite.[2]  This motion was granted.  On July 19, 2007 Plaintiffs filed a First Amended Verified Complaint and Petition to Quash Third Party

---

with a sworn declaration on one side and conclusory speculation on the other, the Court will not assume a violation of IRS regulations by Special Agent Hand, even for purposes of deciding these motions.  The Court notes that, even assuming that Special Agent Hand examined the materials from Accu-Rite before she was entitled to do so, the Court's decision would remain the same.

[2]There is a dispute between the parties as to whether this motion was timely with respect to moving to quash the summons issued to Defendant Capital One.  Because the Court is dismissing the petition with respect to Capital One for lack of subject matter jurisdiction, it does not reach the question of timeliness.

3

Summonses (Doc. no. 26) pursuant to the procedures specified in 26 U.S.C. §7609. The Plaintiffs' petition contends that the summonses were issued in bad faith because Plaintiffs were already the subject of a criminal investigation by the IRS, that Special Agent Hand was not authorized to issue the summons without a supervisor's signature, that the IRS does not have jurisdiction over Plaintiffs to issue summonses regarding their documents, and that Defendant Accu-Rite violated their privacy rights and Constitutional rights by prematurely turning over their documents pursuant to the summons.

## LEGAL STANDARD

In assessing a *pro se* plaintiff's pleadings, the Court must construe such pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). In doing so here, the Court attempted to ascertain Plaintiffs' claims, even when such claims were not clear. In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept the plaintiffs' well-pled allegations as true, and must construe all reasonable inferences in favor of the plaintiffs. *City of Los Angeles v. Preferred Communications, Inc.*, 476 U.S. 488, 493, 106 S. Ct. 2034, 90 L. Ed. 2d 480 (1986). However, a court need only accept as true those facts that are well-pled; it need not accept conclusory allegations as true, especially in light of evidence to the contrary. *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). A court's role in reviewing a Rule 12(b)(6) motion is not to weigh evidence that the parties might present at trial, but to assess whether the complaint's allegations, standing alone, are legally sufficient to state a claim for which relief may be granted. *Thomas v. National Ass'n of Letter Carriers,* 225 F.3d 1149, 1157 (10th Cir. 2000). A claim should be dismissed only where, without a doubt, the plaintiffs could prove no set of facts in support of the claim that would entitle them to relief. *Scheur v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.

Ed. 2d 90 (1974).

## **DISCUSSION**

### A.     **Subject Matter Jurisdiction**

As a threshold matter, this Court holds that it does not have subject matter jurisdiction over Defendants Capital One, Chase, or Integrated Tax Solutions for purposes of either quashing or enforcing the summonses issued to them.[3]

26 U.S.C. § 7609(h) governs a court's jurisdiction over a proceeding brought under 26 U.S.C. § 7609(b)(2) to quash a third-party summons. Subsection (h)(1) provides in relevant part, "the United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2)..." This is not merely a venue provision, as argued by Plaintiffs, but rather a subject matter jurisdictional requirement statutorily imposed. *Pflum v. United States*, 125 F.3d 862, [published in full-text format at 1997 U.S. App. LEXIS 27147], 1997 WL 606909 at \*\*2 (10th Cir.); *Masat v. United States*, 745 F.2d 985, 987-88 (5th Cir. 1984); *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995).

The Fifth Circuit in *Masat* explained the purpose of this jurisdictional limitation:

> The provision conferring jurisdiction on the district in which the summoned person is found is obviously a companion to the provision permitting a summons to be issued initially in the place where that person is found. It is not intended to permit a summons directed to a third-person recordkeeper at that recordkeeper's residence to be challenged wherever else in the world the recordkeeper may be found.
>
> There is a sound rationale for this limitation of jurisdiction. The

---

[3] Even assuming *arguendo* that the court had subject matter jurisdiction to consider the claims related to the summonses issued to Capital One, Chase, and Integrated Tax Solutions, the Court believes that the analysis of the petition would be the same as the following analysis of the petition to quash the summons issued to Accu-Rite.

> taxpayer's motion to quash is directed towards an existing summons issued by the IRS to the third-party recordkeeper. Given Congress's twin goals of shifting to the taxpayer the burden of instituting an action to quash an IRS summons issued to a third-party recordkeeper and of removing the delays in tax investigations, it is only logical that jurisdiction be vested in the district where the summons is to be answered. Allowing jurisdiction to be determined by the location of the taxpayer . . . would force the mountain to come to Mohammed, and would undercut both objectives of Section 7609.

*Masat*, 745 F.2d at 987-88.

In this case, the IRS issued the summons for Capital One to Capital One's offices in Richmond, Virginia, the summons for Chase was issued to Chase's offices in Indianapolis, Indiana, and the summons for Integrated Tax Services was issued to its offices in Las Vegas, Nevada. None of these entities "resides" in the District of New Mexico nor are the summons to be answered here.

A strong indicator of actual physical presence in a district, such as having branch offices located there or having the records sought located in the district, might be sufficient for an entity to be considered "found" in that district for purposes of § 7609(h)(1). *See Cayman Nat'l Bank, Ltd. v. United States*, 2007 U.S. Dist. LEXIS 13005, 2007 WL 641176 (M.D. Fla. Feb. 26, 2007); *Holland v. United States*, 2005 U.S. Dist. LEXIS 17728, 2005 WL 2176111 (N.D. Okla. July 15, 2005); *Oldham v. United States*, 2002 U.S. Dist. LEXIS 9346, 2002 WL 850205 (D. Or. Mar. 21, 2002). However, in this case, Plaintiffs have not alleged nor Defendants acknowledged the sort of physical presence in this district on the part of Capital One, Chase, or Integrated Tax Solutions that would lead them to be considered "found" in this district for purposes of § 7609(h)(1). Consequently, the Court is dismissing, without prejudice, the motions to quash with respect to the summonses issued to those three Defendants for lack of subject matter jurisdiction.

**B.     Validity of IRS Summons**

Turning to the summons served on Accu-Rite, the Court finds that the validity of the summons has been well established and that the Plaintiffs have failed to carry their heavy burden of demonstrating that the summons lacked institutional good faith or was subject to any other fault.

1.     Legal Standard for Determining the Validity of IRS Summons

The standard for determining the validity of an IRS summons is well established. To present a *prima facie* case for validity, the IRS must show (1) that the examination will be conducted for a legitimate purpose; (2) that the summoned data may be relevant to that purpose; (3) that the government does not already possess the summoned data; and (4) that the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58, 13 L. Ed. 2d 112, 85 S. Ct. 248 (1964); *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985).[4] This burden is slight and must be read broadly to ensure that the enforcement powers of the IRS are not unduly restricted. *Balanced Fin. Mgmt., Inc.*, 769 F.2d at 1444.

The government's burden is generally met by an affidavit of the agent who issued the summons and is seeking enforcement. *Codner v. United States*, 17 F.3d 1331, 1332-33 (10th Cir. 1994); *Balanced Fin. Mgmt., Inc.*, 769 F.2d at 1443. The burden then shifts to the taxpayer to demonstrate specific and substantial facts which establish that enforcement of the summons

---

[4] Cases discussing the procedure and burdens for challenging an IRS summons have most often occurred in the context of an IRS action to enforce the summons, such as in *Powell* or *Balanced Fin. Mgmt*. However, the same analytical framework applies when the action is a petition to quash an IRS summons brought by a taxpayer. *See Anaya v. United States*, 815 F.2d 1373, 1375 (10th Cir. 1987).

would be an abuse of the court's process.  This is a "heavy" burden.  *Id*. at 1444.  In seeking to overcome to the government's showing, a taxpayer must offer a factual response by affidavit-- conclusory allegations of the IRS's bad faith or mere legal memoranda are insufficient.  *Id*. (citing *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 71 (3d Cir. 1979)).  If the taxpayer cannot refute the government's *Powell* showing, or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the motions without an evidentiary hearing. *Balanced Fin. Mgmt., Inc.*, 769 F.2d at 1444.

        2.      The Government's *Prima Facie* Case

The Court is satisfied that the affidavit of Special Agent Jennifer Hand enables the government establish its *prima facie* case for validity by demonstrating the four elements set forth in *United States v. Powell*, 379 U.S. at 57-58.  First, the affidavit states that her investigation was being conducted for a legitimate purpose, *i.e.*, an attempt to prove willful income tax evasion by both Plaintiffs (¶ 2-3).  Second, the affidavit states that the summons to Accu-Rite was issued in furtherance of this legitimate investigation (¶4).  Third, it states that the IRS did not receive the summoned data until after issuance of the summons (¶8).  Fourth, the affidavit states that Special Agent Hand followed all of the administrative procedures required under 26 U.S.C. §§ 7602, 7603, and 7609 (¶ 4 and 11).

        3.  The Plaintiffs' Allegations Against the IRS

As discussed above, once the IRS has made its *prima facie* case for validity of its summons,  plaintiffs face a heavy burden in attempting to show the IRS's lack of good faith or that enforcing the summons would constitute an abuse of the Court's process.  The Court considers below whether each of the Plaintiffs' contentions satisfies this burden.

First, the Plaintiffs contend that the IRS issued the summons in bad faith because it is already conducting a criminal investigation of Plaintiffs.  However, nothing precludes the IRS from issuing third-party record keeper summonses in the course of conducting a criminal investigation.  In fact, such summonses are an invaluable tool in the IRS's arsenal for investigating whether taxpayers have met their liabilities.  Although Plaintiffs' pleadings are difficult to follow, it appears that they are confusing an ongoing criminal investigation with a criminal referral to the Justice Department.  While it is correct that, under 26 U.S.C. § 7602(d), the IRS may not issue or seek to enforce a summons once a person has been referred to the Justice Department for prosecution, such a referral is a separate event from a criminal investigation conducted by the IRS.  The government has met its initial burden of demonstrating that it has not made a Justice Department referral of Plaintiffs through the affidavit of Special Agent Hand at ¶ 16.

The Plaintiffs make a similar but distinct argument that the summons was issued in bad faith because it was issued solely for the purposes of conducting a criminal investigation.  They cite numerous superceded cases for the proposition that the IRS does not have the authority to summon third-party records solely for use in a criminal investigation or prosecution.  This argument would have had some merit prior to the passage of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub.L. 97-248, 96 Stat. 324 (1982).  TEFRA amended the IRS's summons authority under 26 U.S.C. § 7602 to include summonses with "the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(b).

By so amending section 7602, "Congress intended to provide the IRS the authority to

issue a summons . . . 'even when the criminal investigation is the sole investigation.'" *United States v. Schmidt*, 816 F.2d 1477, 1481 n.4 (10th Cir. 1987) (citation omitted).  *See also Anaya v. United States*, 815 F.2d 1373, 1377 (10th Cir. 1987) ("Although pre-referral use of the administrative summons is restricted to the good faith limitation in *Powell*, good faith is not abandoned when a summons is used to gather evidence for a criminal investigation").  Thus, under the current version of the Internal Revenue Code, furthering an investigation solely regarding a criminal violation of federal tax laws is a valid purpose of an IRS summons, and the Plaintiffs' arguments to the contrary are unavailing.

Plaintiffs also claim that Special Agent Hand is not authorized to issue a third-party summons in a criminal investigation without the signature of an approving officer, and the summons is thus invalid.  In support of this allegation, they cite IRS Delegation Order No. 4 (Rev. 21) ¶ 1(d), which limits certain IRS employees' authority to issue third-party summonses by requiring a supervisor's approval.  However, this paragraph applies only to Revenue Agents; the authority for Criminal Investigation Special Agents (such as Special Agent Hand) to issue third-party summonses without a supervisor's signature is explicitly provided in ¶ 1(c).  Therefore, this contention fails as well.

Finally, the Plaintiffs make several typical tax protestor arguments concerning the power and authority of the IRS to issue third-party summons against them.  They assert that they have not waived their sovereign immunity to accept the political jurisdiction of the IRS, that they do not reside in a federal enclave ceded by the United States Federal Corporation, and that the IRS summons power is limited to inquiries about taxes related to gasoline and intoxicating liquors.  The broad authority of the IRS to issue summonses to citizens of all states, including New

Mexico, in support of its efforts to determine federal tax liabilities of all types is well established. *See* 26 U.S.C. §§ 7601, 7602; *United States v. Arthur Young & Co.*, 465 U.S. 805, 816, 79 L. Ed. 2d 826, 104 S. Ct. 1495 (1984).  The Plaintiffs' arguments are wholly unsupported by the law.

### 4.  Plaintiffs' Allegations Against Accu-Rite

The Plaintiffs also name Accu-Rite as a Defendant because Accu-Rite produced the summonsed documents to the IRS prior to the summons's due date and prior to the expiration of the 20-day period during which the Plaintiffs could have filed a motion to quash under 26 U.S.C. § 7609(b)(2).  Plaintiffs claim that, in doing so, Accu-Rite violated the "Privacy Act" and Plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights.

As an initial matter, the Court notes that, regardless of Plaintiffs' claims, Accu-Rite cannot be held liable to a client for turning over documents in good faith reliance on an official IRS summons.  *See* 26 U.S.C. § 7609(i)(3) (providing that any party disclosing records in good faith pursuant to an IRS summons shall not be liable to any client for the disclosure).  Second, although the Court is left to guess what type of claim Plaintiffs are making under the "Privacy Act," their claim fails under any cause of action known to the Court.  Assuming that Plaintiffs' claim under the "Privacy Act" refers to the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 to 3422 , their reliance is misplaced.  Section 3413(c) explicitly provides that "nothing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by Title 26."  The present case is an action governed by Title 26 [the Internal Revenue Code].  If, instead, Plaintiffs' claim refers to 5 U.S.C. § 552a (initially known as the "Privacy Act of 1974"), this claim is equally unavailing.  The Privacy Act of 1974 only creates rights against government entities, not private actors such as Accu-Rite.  *See Schwier v. Cox*, 340 F.3d 1284, 1287 (11th Cir. 2003).

The Plaintiffs' Constitutional claims fail for the same reason. In order for a private actor to be liable for a violation under the Fourth, Fifth, or Fourteenth Amendment, it would have to be characterized as a government actor. *Smith v. Kitchen*, 156 F.3d 1025 (10th Cir. 1997). Although Plaintiffs allege that Accu-Rite acted as a government agent by turning over the summonsed materials immediately upon receipt of the summons, this claim has no basis in law and is frivolous. *See Smith*, 156 F.3d at 1028-1029 (finding that "no reasonable person" could conclude that a private party complying with a lawful IRS levy was a governmental actor, and dismissing the Plaintiff's claim under Rule 12(b)(6)).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Petition to Quash Third Party Summonses [Doc. No. 26] be DENIED in its entirety, and that the IRS's Motion to Dismiss [Doc. No. 29] be GRANTED in its entirety. It is also ordered that Defendant Accu-Rite's Motion to dismiss (Doc. no. 7), Defendant Capital One's motion to dismiss (Doc. no. 36) and Defendant Chase's motion to dismiss (Doc. 39) be GRANTED.

_____
**UNITED STATES DISTRICT JUDGE**