IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHARON J. HOPKINS and
MARK HOPKINS,

      **Plaintiffs,**

vs.                Civ. No. 07-262 JH

**INTERNAL REVENUE SERVICE, ACCU-RITE
TAX SERVICE, INC., and JENNIFER HAND, in her
official capacity, CAPITAL ONE BANK a.k.a. CAPITAL
ONE SERVICES, INC., J.P. MORGAN BANK N.A. a.k.a.
J.P. MORGAN CHASE & CO. and INTEGRATED TAX
SOLUTIONS,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Plaintiffs' *Motion for Reconsideration of the Court's Final Judgment* [Doc. no. 57], filed April 10, 2008. In their *pro se* petition, Plaintiffs Sharon J. Hopkins and Mark Hopkins ask the Court to reconsider its Final Judgment [Doc. no. 56], entered March 31, 2008. This Judgment, accompanied by a Memorandum Opinion and Order [Doc. no. 55], dismissed Plaintiffs' petition to quash summonses issued by the Defendant Internal Revenue Service ("IRS") to third-party record keepers, granted the IRS's motion to dismiss the petition to quash and to enforce the summonses over which the Court had jurisdiction, and granted the motions to dismiss by the third-party record keepers. Because Plaintiffs' motion fails to set out any law or fact not considered by this Court prior to the entry of its Judgment and Memorandum Opinion and Order, the motion is DENIED. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

**DISCUSSION**

Plaintiffs raise three primary arguments in their *Motion for Reconsideration*: 1) The Court should have exercised supplemental jurisdiction and abused its discretion by dismissing the complaint for lack of subject matter jurisdiction; 2) The IRS could not issue a valid summons because it has made a Department of Justice referral; and 3) An IRS Special Agent may not issue a summons without a supervisor's signature. The Court will briefly address each of these points.[1]

### A.   Subject Matter Jurisdiction

In its Memorandum Opinion and Order, the Court fully explained its holding that it does not have subject matter jurisdiction over Defendants Capital One, Chase, or Integrated Tax Solutions for purposes of either quashing or enforcing the summonses issued to them because they are not "found" in this district for purposes of 26 U.S.C. § 7609(h)(1). Plaintiffs contend that the Court has the authority to exercise supplemental jurisdiction over these out-of-district defendants because they are part of the same case or controversy, and to refuse to exercise supplemental jurisdiction is an abuse of discretion.

In making this argument, Plaintiffs misunderstand the concept of supplemental jurisdiction and what constitutes a case or controversy. Supplemental jurisdiction enables a federal court to hear a matter over which federal jurisdiction would not otherwise lie, such as a state law claim, because it is part of the same case or controversy as the claims that provide the

---

[1] In addition to Plaintiffs' three primary points, Plaintiffs also contend that the Court did not consider their arguments and could not have reached the decision it did without engaging in biased judicial activism. The Court considered Plaintiffs arguments very carefully, and rejected them using the same reasoning that has led numerous other courts to reject similar arguments raised by similar plaintiffs. This Court takes very seriously its duty to act as a fair and impartial arbiter and assures Plaintiffs that it would never act as a "protectionist[] on behalf of the IRS or any United States Government agency." (Doc. no. 57 at 12).

basis for federal court jurisdiction. Supplemental jurisdiction does not enable one particular federal court to hear a case that is statutorily required to be heard in a different federal court. This Court cannot ignore 26 U.S.C. § 7609(h) and create its own jurisdiction to hear motions to quash summonses that are issued to parties that are not found in this district merely because a plaintiff attempts to challenge summonses issued to multiple parties in one action. While this might be more convenient for the Plaintiffs, the Court simply does not have the power to do so. *See, e.g., Patetta v. United States*, 101 A.F.T.R.2d (RIA) 847 (D. N.J. 2007) (When taxpayer filed petition to quash 20 third-party record keeper summonses issued by the IRS, District Court lacked jurisdiction over the 17 summonses issued to parties not found in its district, regardless of residence of petitioner). Plaintiffs also contend that the out-of-district Defendants had the responsibility to challenge venue, and their failure to file motions seeking to transfer the case to another district prevents the Court from dismissing the claims against them. In making this argument, Plaintiffs fail to understand the difference between a claim of improper venue and lack of subject matter jurisdiction. A claim of improper venue is an affirmative defense under Fed. R. Civ. P. 12(b)(3) that is waived unless made as part of a responsive pleading. But, unlike affirmative defenses, a court has an independent duty to inquire into its subject matter jurisdiction, and may raise the issue on its own.[2] *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006); *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F. 3d 1044, 1048 (10th Cir. 2006).

### B. Department of Justice Referral

Plaintiffs correctly contend that the IRS may not issue a summons nor begin an action

---

[2] The Court notes that several of the out-of-district defendants, as well as the Internal Revenue Service, also raised the issue of lack of jurisdiction in their motions to dismiss.

under 26 U.S.C. § 7604 to enforce a summons with respect to any person once a Justice Department referral is in effect with respect to such person. Plaintiffs point to two letters that they submitted to the Court on March 26, 2008 [Doc. no. 54] as proof that the IRS has referred their case to the Department of Justice, and argue that the IRS therefore has no right to enforce the summons. These letters, dated October 11, 2007, were from IRS Special Agent Andrea Whelan to the Plaintiffs individually, and informed them that the IRS was *considering* a recommendation to the Department of Justice that criminal income tax evasion charges be brought against them.

Even if these letters could be considered definitive evidence of a Justice Department referral, which the Court does not believe they can be, they are of no help to Plaintiffs in this matter. 26 U.S.C. § 7602(d) only prohibits the issuance of a summons or the initiation of an action to enforce a summons *after* a Justice Department referral is in effect. In this case, the IRS Special Agent conducting the investigation of the Plaintiffs issued all the third-party record keeper summonses at issue between February 26, 2007 and May 1, 2007. The IRS filed its final motion to enforce its summonses on August 2, 2007 [Doc. no. 29]. According to an affidavit from Special Agent Jennifer Hand, at the time the summonses were issued and enforcement action initiated, she had not made a Justice Department referral, and was not delaying such a referral. [Doc. no. 29, Ex. 1 at ¶ 16]. Nor have Plaintiffs provided any evidence that the IRS was exercising bad faith by deliberately delaying a referral until after the summonses were issued and enforcement sought. Thus, even if Plaintiffs' case was later referred to the Justice Department for possible criminal prosecution, the validity of the summonses at issue is not affected.

**C.      Issuance of Summons without Supervisor's Signature**

Plaintiffs renew their assertion that Special Agent Hand is not authorized to issue third-

party record keeper summonses in a criminal investigation without the signature of an approving officer, and the summonses are thus invalid. In support of this allegation, they once again cite IRS Delegation Order No. 4 (Rev. 21) ¶ 1(d), which limits certain IRS employees' authority to issue third-party summonses by requiring a supervisor's approval. However, as discussed in the Court's Memorandum Opinion and Order, paragraph 1(d) applies only to Revenue Agents; the authority for Criminal Investigation Special Agents (such as Special Agent Hand) to issue third-party summonses without a supervisor's signature is explicitly provided in ¶ 1(c). Quite simply, this is the law in the Tenth Circuit. *See Codner v. United States*, 17 F.3d 1331, 1333 (10th Cir. 1994). This Court does not have the authority to rule otherwise. Therefore, this contention fails as well.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion for Reconsideration of the Court's Final Judgment* [Doc. No. 57] is DENIED.

_____
**UNITED STATES DISTRICT JUDGE**